IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DEVON FRYE,**

    **Plaintiff,**

v.                                                                   Civil Action No. 3:22cv655

**NELSON SMITH,** *et al.*,

    **Defendants.**

## MEMORANDUM OPINION

Devon Frye, an individual detained in the Virginia Center for Behavioral Rehabilitation ("VCBR") as a sexually violent predator, filed this 42 U.S.C. § 1983 action.[1] Mr. Frye names as Defendants: Nelson Smith, the Commissioner for the Department of Behavioral Health and Developmental Services ("DBHDS"); Carla Zarrella, the Director of Offender Sexually Violent Predator Services; Dr. William McKenna, a licensed clinical and a forensic evaluator at VCBR; Dr. Daniel Mondaldi, the Forensic Director at VCBR: and, Samantha Hawes, the Grievance Coordinator at the VCBR. The matter is before the Court on the Motion for Summary Judgment filed by Defendants. For the reasons set forth below, the Motion for Summary Judgment, (ECF No. 23), will be DENIED WITHOUT PREJUDICE.[2]

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] The Court employs the pagination assigned by CM/ECF. The Court corrects the capitalization, punctuation, and spelling the quotation from the parties' submissions.

## I. Summary of Relevant Facts and Allegations

On February 4, 2004, Mr. Frye was found guilty of two counts of aggravated sexual assault. (ECF No. 1-1, at 13–14.) On September 9, 2021, following a court order and pursuant to section 37.2-900 of the Virginia Code, Mr. Frye was committed to VCBR as a sexually violent predator ("SVP"). (ECF No. 1, at 3.) Following his commitment, Mr. Frye was given a series of initial psychological and psychosocial assessments. (ECF No. 1, at 3.)

On February 17, 2022, Mr. Frye wrote to Commissioner Smith expressing "his concerns about the accuracy of his sexually violent predator evaluations and expressing why he didn't believe he met the criteria to be declared an SVP." (ECF No. 1, at 3.) On February 23, 2022, Director Zarrella respond to Mr. Frye's letter and stated, in pertinent part:

> Thank you for sharing this information regarding your case. Your concerns appear to be with the accuracy of your SVP evaluations and if you meet the criteria for SVP as outlined in the Code of Virginia. Unfortunately, only the court of jurisdiction can address these concerns. I suggest you contact your attorney so that he or she can bring these issues to attention of the court on your behalf.

(ECF No. 1-1, at 1.)

On March 1, 2022, Mr. Frye wrote another similar letter, and on March 7, 2022, Director Zarrella provided a similar response. (ECF No. 1-1, at 2.)

On April 8, 2022, Mr. Frye wrote to Director "Zarrella to reiterate his previously documented concerns and to request a 'proper' mental health evaluation." (ECF No. 1, at 4.) On April 12, 2022, Director Zarrella responded:

> You appear to still have concerns with the accuracy of your initial SVP evaluation. Also, regarding the annual review process, you request that I "correct this improper application of the SVPA before it results in another erroneous evaluation being conducted . . . ."
>
> You were found to meet the criteria for SVP and civilly committed by the court of jurisdiction. DBHDS does not have the authority to change the ruling of

2

the court and is required to comply with the court's orders. If you have any concerns regarding your initial evaluation or SVP status, I suggest you contact your attorney so that they can bring these issues to the attention of the court on your behalf.

As for the annual review process, DBHDS is required to complete those reports in accordance with the Code of Virginia.

(ECF No. 1-1, at 3.)

On June 11, 2022, Dr. McKenna "submitted his written report of the annual review evaluation he conducted on the Plaintiff." (ECF No. 1, at 4.) Dr. Montaldi "reviewed and approved the report written for the annual review hearing that Dr. William McKenna conducted." (ECF No. 1, at 5.)

## II. Mr. Frye's Claims

Based on the foregoing allegations, Mr. Frye raises the following legal claims:

Claim 1    Commissioner Smith "violated the Plaintiff's Fourteenth Amendment[3] constitutional rights by being callously indifferent to the fact that the Plaintiff had not received procedural due process with Va. Code 37.2-900. . . . In order for the Plaintiff to be involuntarily civilly committed he must receive procedural due process and a proper mental health evaluation is mandatory." (ECF No. 1, at 6.)

Claim 2    Director Zarrella "violated the Plaintiff's Fourteenth Amendment rights . . . by being callously indifferent[] to the Plaintiff not receiving adequate procedural due process, and . . . [failing to ensure] the Plaintiff received equal protection[4] under the law. . . . Defendant Zarrella's conscious disregard for Frye's rights and liberty not only allowed her not to intercede and investigate his initial commitment evaluation, it also cause her to allow a doctor at VCBR to perform yet another improper and illegal evaluation." (ECF No. 1, at 6–7.)

Claim 3    Dr. McKenna "violated the Plaintiff's Fourteenth Amendment rights to equal protection under the law by conducting an annual review that

---

[3] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

[4] "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

3

|  |  |
|---|---|
|  | deviated from the proper standard of care. . . . The Plaintiff is entitled to the same annual review guidelines as other civilly committed individuals under Va. Code 37.2-900. Defendant McKenna blatantly deviated from those guidelines when he found that the Plaintiff <u>remains</u> an SVP based on two paraphilic disorders that he was never <u>found</u> to be an SVP for. Defendant McKenna violated the Plaintiff's Fourteenth Amendment rights to substantive due process by failing to provide proper medical care in the form of using the professional judgment standard by not rendering a proper mental health evaluation during the annual review assessment. Defendant McKenna also violated the Plaintiff's First Amendment[5] right to be free from retaliation. Although Dr. McKenna is entitled to his opinion, the Plaintiff asserts that Dr. McKenna labelling the Plaintiff's peaceful protest of his constitutional[ly] protected rights as <u>lifestyle impulsivity</u>, <u>poor cognitive problem-solving</u>, and <u>grievance thinking/hostility</u> are indicative of his disapproval and dislike for the Plaintiff filing complaints and grievances." (ECF No. 1, at 7–8 (internal citation omitted).) |
| Claim 4 | Dr. Montaldi "violated the Plaintiff's Fourteenth Amendment rights to due process and equal protection. The Defendant didn't ensure that the Plaintiff received an annual review assessment that comports to Va. Code 37.2-910." (ECF No. 1, at 9.) |
| Claim 5 | "Defendant Samantha Hawes violated the Plaintiff's Fourteenth Amendment rights to have due process by refusing to submit his formal complaints. . . . Defendant Hawes should have processed the Plaintiff's formal complaints up the chain of command." (ECF No. 1, at 10.) |

### III. Standard for Summary Judgment

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the responsibility of informing the Court of the basis for the motion and identifying the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to fulfill this responsibility, in the context of 42 U.S.C. § 1983 action, a

---

[5] "Congress shall make no law . . . abridging the freedom of speech . . . ." U.S. Const. amend. I.

4

defendant must almost invariably specifically identify, or preferably list, the constitutionally claims the Plaintiff brings against each defendant.

Here, Defendants failed to meet this responsibility. Defendants fail to acknowledge, much less address, Mr. Frye's Fourteenth Amendment equal protection claims and his First Amendment retaliation claim. Furthermore, Defendants argue that they are entitled to qualified immunity. A defendant invoking qualified immunity must do more than mention its existence and demand dismissal of the suit. The defendant must (1) identify the specific right allegedly violated "at the proper level of particularity," *Campbell v. Galloway*, 483 F.3d 258, 271 (4th Cir. 2007), (2) brief, with full supporting authority, why the right was not so clearly established as to put a reasonable official on notice of any legal obligations and (3) describe with particularity the factual basis supporting the assertion that a reasonable official in the defendant's situation would have believed his conduct was lawful. *Collinson v. Gott*, 895 F.2d 994, 998 (4th Cir. 1990). Defendants have not complied with the above requirements in their assertion that they are entitled to qualified immunity.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* abstention doctrine also applies in the context of commitment proceeding of SVPs. *See Brown v. Ferguson*, No. 7:21CV00043, 2021 WL 1377361, at *2 (W.D. Va. Apr. 12, 2021) (citation omitted).

After an individual's initial confinement as a SVP,

> An annual review is required to determine if there is a "need for secure inpatient treatment." Va. Code § 37.2-910(A). The court initiates the annual review by ordering and then considering an evaluation. Unless the

> Commonwealth recommends release, the Commonwealth bears the burden to prove by clear and convincing evidence that "the respondent remains a sexually violent predator." Va. Code § 37.2-910(C). The court can order the respondents release if [it] determines he is no longer an SVP, but "[i]f the court finds that the respondent remains a sexually violent predator, it shall order that he remain in the custody of the Commissioner for secure inpatient hospitalization and treatment or that he be conditionally released. To determine if the respondent shall be conditionally released, the court shall determine if the respondent meets the criteria for conditional release set forth in § 37.2-912." Va. Code § 37.2-910(D) (listing eight specific factors as well as any other factors that the court deems relevant).

*Givens v. Wilson*, No. 1:22CV943 (TSE/JFA), 2023 WL 2505488, at *2 (E.D. Va. Mar. 14, 2023). On this record, it is not clear whether entertaining Mr. Frye's claim would unduly interfere with any pending civil commitment proceedings.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court emphasized that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. This Court has concluded that *Heck* applies to civil commitment proceedings and bars a detainee's "claim that is predicated on his assertion that his civil detention is improper because he is not an SVP." *Cummins v. Land*, No. 3:21CV556, 2022 WL 17539103, at *9 (E.D. Va. Dec. 8, 2022) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005)); *see also Bell v. Raoul*, 88 F.4th 1231, 1234 (7th Cir. 2023) (concluding *Heck* applies to SVP proceedings (citing *Fetzer v. Secretary, Fla. Dep't of Children & Families*, No. 20-11139-E, 2020 WL 5625172, at *1 (11th Cir. Aug. 13, 2020); *Thomas v. Eschen*, 928 F.3d 709, 711 (8th Cir. 2019); *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1140–41 (9th Cir. 2005); *Banda v. New Jersey*, 134 F. App'x 529, 530 (3d Cir. 2005); *Whitehead v. Bush*, 62 F. App'x 912, 913 (10th Cir. 2003))).

Given the current state of the record and the rules in this District that generally limit a party to a single motion for summary judgment, *see* E.D. Va. Loc. Civ. R. 56(C), the pending

Motion, (ECF No. 23), will be DENIED WITHOUT PREJUDICE to the filing of an appropriate motion for summary judgment.[6] The Renewed Motion for Summary Judgment must be filed within sixty (60) days of the date of entry hereof and should address the application of *Younger* and *Heck* to Mr. Frye's claims.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 7/1/2024  
Richmond, Virginia

/s/  
M. Hannah Lauck  
United States District Judge

---

[6] The Statement of Undisputed Facts in the forthcoming Renewed Motion for Summary Judgment, must contain a pinpoint citation to the page or pages of the record relied upon for any for any undisputed fact. The Statement of Undisputed Facts should include all the undisputed facts necessary to resolve the motion for summary judgment.